## BACON vs. McNUTT & AL.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiff, as widow and tutrix of her minor children, demands from the defendant, surety of W. Murray, the price of a lot in the town of Alexandria, purchased by the latter, at the sale of her husband's estate.

The defendant pleaded the general issue—

If a probate sale be made to satisfy a mortgage and the mortgagee become the purchaser he will be allowed to retain the price.

BACON
*vs.*
M'NUTT & AL.

a mortgage on the lot and confession of judgment in favor of his principal—a compensation of a claim of the latter against the estate, and a plea of discussion.

Murray interpleaded—denied all allegations—averred the claim was extinguished by compensation or payment—prayed the defendant being a foreigner should give surety, if any thing was recovered, as other persons were interested in the estate.

There was judgment against both principal and surety; but execution was directed not to issue, till the plaintiff gave surety to indemnify the defendants against an hypothecary claim of Ferguson & Rich, and not against the surety till after the discussion of the property of the principal pointed out by the surety-

The plaintiff appealed.

The documents that come up are process verbal of the sale of E. Bacon's estate. The petition to, and order of the parish judge, the receipt of Murray, vendor of E. Bacon, for a partial payment.

The defendants introduced the record of a suit, Ferguson & Rich vs. Bacon, the present plaintiff, and the subrogation of Murray to the plaintiffs' rights.

Scott deposed that the note, offered in compensation, is one of those given in payment of the lot, as well as that filed in the suit of Ferguson *vs.* Rich, both being secured by a mortgage on the lot.

It is urged that Murray purchased at a sale, ordered by the court of probates, for the purpose of reducing the property of the estate into cash, so that the debts might be paid out of the proceeds, according to their respective classes; and that therefore there cannot be any compensation allowed, and the district court erred in allowing any.

This does not appear to have been a sale of the *whole* property of the estate, but the sale of *a lot*, and the avowed object, not to reduce it into money to be distributed, but to sell on credit so as to get a higher price and the sale is only authorised, as prayed for, to avert the loss to the estate and perhaps to the mortgagee, that would result from a *cash* sale. It is not even averred that there are *other* debts, and it is that there is *other property.* The district court did not err in considering the sale as made for a *particular* object, that of satisfying the mortgage on the premises. If so nothing is more just than to allow the mortgage creditor, who

West'n District,
Sept. 1824.

BACON
vs.
M'NUTT & AL.

has become a purchaser to retain in his hand, the produce of a sale, actually made to pay him. It appears that Murray, in his own right and as subrogated to those of Ferguson and Rich, is the only hypothecary creditor. The judge therefore acted correctly in allowing his claim for compensation.

It is therefore ordered, adjudged and decreed that the judgment be affirmed with costs.

*Wilson* for the plaintiff, *Bullard &Scott* for the defendant.